OPINION — AG — SENATE BILL NO. 192, AS PASSED BY THE LEGISLATURE AND SIGNED BY THE GOVERNOR DURING THE SECOND REGULAR SESSION OF THE 37TH LEGISLATURE AND CODIFIED AS 42
O.S. 1980 Supp., 142.1 [42-142.1] THRU 42 O.S. 1980 Supp., 142.5 [42-142.5] [42-142.5], DOES NOT VIOLATE ARTICLE II, SECTION 7 OKLAHOMA CONSTITUTION; ARTICLE V, SECTION 46 ; NOR IS IT AMBIGUOUS AND CONTRADICTORY. (RELATE TO MATERIALMEN'S AND MECHANICS LIENS AND PROVIDE AS OF WORK OR FURNISHING OF MATERIAL, MAKES FRAUDULENT STATEMENTS BY A CONTRACTOR A FELONY, PROVIDES THAT ONE NOTICE DURING CONSTRUCTION IS ALL THAT IS NEEDED) CITE: 42 O.S. 1971 141 [42-141] [42-141] (LIENS, DUE PROCESS, LIMITATIONS) (MICHAEL C. CONAWAY) FILENAME: m0010004 Senator Roy Boatner Attorney General of Oklahoma — Opinion January 22, 1981 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your request for an official opinion where, in effect, you ask the following question: Is Senate Bill 192 as passed by the Legislature and signed by the Governor during the Second Regular Session of the 37th Legislature of the State of Oklahoma and codified as 42 O.S. 142.1 [42-142.1] through 42 O.S. 142.5 [42-142.5] (1980) violative of Okla. Const., Article II, Section 7; Article V, Section 46; or is it ambiguous and contradictory? The statutes you ask about, 42 O.S. 142.1 [42-142.1] through 42 O.S. 142.5 [42-142.5] (1980), relate to materialmen's and mechanic's liens and provide as follows: 42 O.S. 142.1 [42-142.1] requires owner notification prior to performance of work or furnishing of material; 42 O.S. 142.2 [42-142.2] requires the notice provided for in 42 O.S. 142.1 [42-142.1] be signed and dated by an owner; 42 O.S. 142.3 [42-142.3] defines the term original contractor; 42 O.S. 142.4 [42-142.4] makes fraudulent statements by a contractor a felony; 42 O.S. 142.5 [42-142.5] provides that one notice during construction is all that is needed. These statutes indicate a legislative purpose to balance the interests of both the property owners and the prospective lien holders. Further, these statutes appear to be clear, unambiguous and not in contradiction. Okla. Const., Article II, Section 7
provides: "No person shall be deprived of life, liberty, or property, without due process of law." A very thorough discussion of the Oklahoma mechanic's and materialmen's lien statute is embodied in the very recent Oklahoma Supreme Court case, Mobile Components, Inc., et al v. Layon, consolidated with Lawton v. First National Bank of Tulsa, et al., 51 O.B.J. 2852 (1980). In that case the Supreme Court reversed the lower court which had granted summary judgment holding those statutes unconstitutional. The statutes in question were 42 O.S. 141 [42-141] et seq. (1971). The constitutionality of the statutes was the only issue on appeal. It should be noted, however, that the statutes you direct your question to were not considered in this case. These statutes, 42 O.S. 142.1 [42-142.1] through 42 O.S. 142.5 [42-142.5] (1980) were added after the Mobile Components case, supra, arose. In Mobile Components, supra, the Court analyzed the leading U.S. Supreme Court cases and at p. 2853 and 2854 the Oklahoma Supreme Court said: "These cases enunciate the current due process standards required for prejudgment garnishment and replevin statutes. In the absence of extraordinary circumstances, certain procedural safeguards must be followed before a person is deprived of a significant property interest. Generally, he must be given a notice of the creditor's claim and an opportunity to be heard before his property may be seized. However, if the interests of the creditor cannot be protected by allowing such prior notice and hearing, then there must be other procedural safeguards to sufficiently protect the property rights of the alleged debtor. These standards are meant to be flexible, to constitutionally accommodate the rights of all parties involved." In its holding at p. 2855 and 2856, the Court said: "We hold that the filing of a lien statement under our mechanic's and materialmen's lien statutes is only a 'de minimis' interference with the use and enjoyment of the property involved. As such, it does not amount to a taking of a significant property interest to which the requirements of either state or federal due process attach. Therefore, the summary judgment granted appellees holding those statutes unconstitutional is reversed." Since 1971 these statutes have been amended several times. The current sections, 42 O.S. 142.1 [42-142.1] through 42 O.S. 142.5 [42-142.5] (1980), require additional protections to property owners not previously afforded under the statutes scrutinized in Mobile Components, supra. Since in Mobile Components the Court held the previous statutes a "de minimus" interference with the owner's property rights; and the statutes in question provide for owner protection not previously afforded; the answer to your question relating to due process must be: 42 O.S. 142.1 [42-142.1] through 42 O.S. 142.5 [42-142.5] (1980) are not violative of the due process clause of the Okla. Const., Article II, Section 7. Okla. Const., Article V, Section 46 provides in pertinent part: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: "The creation, extension, or impairing of liens . . ." Senate Bill No. 192 referred to in your question is not a special law but a general law and is not an impairment of liens, but is a legislative balancing of the interests of property owners and prospective lien holders, in an effort to properly protect the respective rights of each. Therefore, it is the official opinion of the Attorney General, that in the light of Mobile Components, Inc., et al v. Layon, 51 O.B.J. 2852 (1980), Senate Bill No. 192, as passed by the Legislature and signed by the Governor during the Second Regular Session of the 37th Legislature of the State of Oklahoma and codified as 42 O.S. 142.1 [42-142.1] through 42 O.S. 142.5 [42-142.5] (1980), does not violate Okla. Const., Article II, Section 7; Article V, Section 46; nor is it ambiguous and contradictory. (MICHAEL C. CONAWAY) (ksg) FILENAME: m0011009 REPRESENTATIVE DON DENMAN ATTORNEY GENERAL OF OKLAHOMA — OPINION APRIL 16, 1981 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA OPINION — AG — (1) SERVICE CONTRACTS AS DESCRIBED IN 36 O.S. 1971 2605 [36-2605], AND MEDICAL OR INDEMNITY PLANS AS DEFINED BY 36 O.S. 1971 2601 [36-2601], ARE COVERED BY AND SUBJECT TO THE PROVISIONS OF 36 O.S. 1971 6055 [36-6055] (2) AN INSURER OF POLICIES OF MEDICAL AND HOSPITAL INSURANCE MAY EXCLUDE FROM COVERAGE SERVICES AND PROCEDURES SO LONG AS THE POLICIES DO NOT DISCRIMINATE, UNDER THE GUISE OF COVERAGE, BETWEEN MEDICAL SERVICES PROVIDED BY THE VARIOUS BRANCHES OF THE HEALING ARTS LICENSED UNDER STATE LAW. (3) 36 O.S. 1971 6055 [36-6055], IS APPLICABLE TO MASTER POLICIES PURCHASED OUTSIDE THE STATE OF OKLAHOMA WHEN THE CERTIFICATES OF INSURANCE ARE ISSUED FOR DELIVERY IN THE STATE OF OKLAHOMA, THE INSURED RESIDES IN OKLAHOMA AND THE POLICY COVERS OKLAHOMA RISKS. (BLANKET POLICIES, NON PROFIT CONTRACT OR AGREEMENT, NON PROFIT HOSPITAL SERVICE) CITE: 36 O.S. 2605 [36-2605] (JOHN F. PERCIVAL)